Mirta Yesenia Rosas CASTRO;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–73059.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 18, 2006.*

Filed Sept. 25, 2006.

Mirta Yesenia Rosas Castro, Clemente Rosas Ocampo, Juana Rosas Castro, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and CLIFTON, Circuit Judges.

MEMORANDUM **

Respondent's motion for summary disposition is granted with respect to petitioners Juana Rosas Castro and Mirta Yesenia Rosas Castro because the questions raised by this petition for review with respect to them are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Petitioner Juana Rosas Castro testified that she left the United States for at least six months between June 1994 and early 1995. The statute provides that any single absence from the United States longer than 90 days breaks the "continuous period" of ten years during which an alien must be present in the United States before the issuance of the notice to appear in order to qualify for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); 8 U.S.C. § 1229b(d)(2). Petitioner Mirta Yesenia Rosas Castro did not apply to the agency for any relief. Accordingly, this petition for review is denied with respect to petitioners Juana Rosas Castro and Mirta Yesenia Rosas Castro.

This court lacks jurisdiction to review a discretionary decision regarding exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We have reviewed the opening brief and we conclude that petitioner Clemente Rosas Ocampo has failed to raise a colorable constitutional or legal claim that would give us jurisdiction over this petition for review. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). The Board of Immigration Appeals provided sufficient explanation of its decision. *Cf. Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003) (upholding the constitutionality of the Board of Immigration Appeals' streamlining procedures). This court has held that the Nicaraguan Adjustment and Central American Relief Act special rule cancellation does not violate

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

equal protection. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002); *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction with respect to petitioner Clemente Rosas Ocampo is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres,* 327 F.3d at 892; *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.